UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGUS W. MCCONNELL,

    Plaintiff,

v.                                                                          Hon. Jane M. Beckering

GOOGLE, et al.,                                        Case No. 1:25-cv-851

    Defendants.

**REPORT AND RECOMMENDATION**

    Plaintiff Angus W. McConnell initiated this matter on July 29, 2025, against Google, Elon Musk, and Microsoft. Having granted his application to proceed as a pauper (ECF No. 3), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, I conclude that Plaintiff's complaint must be dismissed because he fails to allege the existence of the Court's subject matter jurisdiction and, regardless, he fails to state a claim upon which relief may be granted.

    In the body of his form complaint, Plaintiff alleges:

> Stolen identity, allowing a person to use its platform to cause felony acts [t]o cause harm to plaintiff relating to mental health issues[,] serious PTSD[,] and others.

(ECF No. 1 at PageID.3.) Plaintiff seeks $100 million from each Defendant. (*Id.*)

    Plaintiff attaches a more detailed statement to his complaint. He states that in 2021, he thought that he was buying a house from a lady named Heather Walker. He gave Walker a $3,600 downpayment and agreed to pay her $300 per month until the house was paid off. Walker did not show up to collect the $300 payment the following month, so Plaintiff ran a check of the address

and discovered he was scammed. Plaintiff learned that the house was owned by a holding company from Florida, which tried to get him to take over the payments from the previous person who had obtained the mortgage. He told the company he would take over payments only after they provided him something with his name on it and gave him a total amount due. Plaintiff checked his credit, which he had never used, and his score was 0. He eventually built it up to 612. (ECF No. 1 at PageID.6.)

Plaintiff alleges that one evening, he received an email from Google stating that they were required to inform him by law that his personal information might have been compromised, but they told him that if it had been compromised "they would take care of it." (*Id.*) A few months later, he received a "demand for the property," so he started a court case and explained what had happened, but the company still wanted its property and gave him $1,000 to move out. That was not enough to allow him to get into an apartment, and he is now homeless. Plaintiff alleges that Google made him several offers, all of which included getting his home back, which he accepted. Plaintiff alleges that he promised Google he would not sue and waited three years, but none of the offers materialized. Plaintiff alleges that he filed a court case, but it was dismissed because Plaintiff did not have an address at which he could receive mail. (*Id.*)

Plaintiff alleges that four years later he still has not received a settlement, and after receiving "numerous threats" to his life and the life of his family and having gone through 28 cell phones, he is also receiving threats from Facebook and Microsoft. Recently, Elon Musk emailed Plaintiff apologizing for being the one for causing Plaintiff's problems and informing Plaintiff that he had been holding an inheritance for Plaintiff in the amount of $500 million from a great uncle Plaintiff had never met. Musk also admitted that he had fallen in love with Plaintiff. Musk told Plaintiff that he had been putting him through a series of tests "for our dear Lord." He then offered

2

Plaintiff $1 billion to go out with him, but Plaintiff turned him down because Plaintiff is not gay and "firmly believe[s] that our lord prefers . . . [A]dam and [E]ve not [A]dam and [S]teve." (*Id.*) Thereafter, Plaintiff's life got worse because he "turn[ed] down the world[']s richest man," but he did so with intentions of not lying to him for the money and not wanting to hurt anyone's feelings. (*Id.* at PageID.6–7.)

Federal district courts are courts of limited jurisdiction and their powers are enumerated in Article III of the United States Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). Therefore, a "lack of [subject matter] jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile . . . ." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (quotation marks and citation omitted). The party seeking to invoke a federal court's jurisdiction has the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Federal courts have "an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006).

Here, although Plaintiff indicates in his complaint that the basis for his claim is federal question jurisdiction, cites no federal law upon which he relies, and I cannot discern an obvious federal basis from the facts alleged. Thus, Plaintiff fails to establish a basis for federal question jurisdiction under 28 U.S.C. § 1331.

Even assuming that Plaintiff intended to rely on diversity jurisdiction under 28 U.S.C. § 1332(a), he fails to establish that basis for jurisdiction. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between–(1) citizens of different States . . . ." 28 U.S.C. § 1332(a). Assuming that Plaintiff could establish that he and Defendants are diverse, it appears that he cannot claim in good faith that the amount-in-controversy requirement is satisfied.

In a federal diversity action, the amount in controversy alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). The "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction." *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967). As the Supreme Court has observed,

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. We think that only in this way may the practice of the District Courts be harmonized with the true intent of the statute which clothes them with adequate authority and imposes upon them a correlative duty.

*McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

As set forth above, Plaintiff alleges that he is seeking $100 million from each Defendant, but he does not identify the form of damages he seeks. With the exception of losing his house, he does not identify any actual damages that he has suffered as a result of the alleged theft of his personal and financial information. As for the house, Plaintiff fails plausibly to allege that the data breach was in any way related to the "demand for the property" he received. (*Id.* at PageID.6.) Moreover, even if Plaintiff had alleged such facts, nothing in the complaint indicates that the value of the house exceeds the jurisdictional threshold. Therefore, he has not established a basis for diversity jurisdiction.

Finally, even if Plaintiff had properly alleged jurisdiction, his complaint is subject to dismissal for failure to state a claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff's complaint fails plausibly to allege a cause of action under the *Twombly*/*Iqbal* standard set forth above. As noted, Plaintiff identifies no federal law or regulation in support of

5

his complaint. And, even if the complaint can be construed as alleging diversity jurisdiction, he wholly fails to allege any state-law claim. Thus, his claim is subject to dismissal.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction. Alternatively, I recommend dismissal for failure to state a claim upon which relief can be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  August 6, 2025                                    /s/ Sally J. Berens  
                                                         SALLY J. BERENS  
                                                         U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).